Coastal Tank Lines, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (John H. Swick), Respondents.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Theodore E. Breault,* for petitioner.

*Kenneth E. Fox, Jr.,* for respondent, John H. Swick.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 24, 1983:

Coastal Tank Lines, Inc. (Employer) appeals a Workmen's Compensation Appeal Board order which affirmed the referee's dismissal of its Termination Petition. We affirm.

John Swick (Claimant), a truck driver for Employer, sustained a job-related injury on January 13, 1978 and has, since then, received total disability benefits. Employer filed a Termination Petition,[1] alleging that Swick had fully recovered as of July 18, 1979.

---

[1] Employer filed a Termination Petition on February 26, 1979, alleging that Claimant had fully recovered as of February 13, 1979. The affidavit from an examining physician was attached, qualifying Employer for an automatic supersedeas under Section 413 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774. This petition was withdrawn at the request of Employer on March 23, 1979.

A second Termination Petition was filed on August 31, 1979, alleging that Claimant had fully recovered as of July 18, 1979. This petition was in non-compliance with Section 413 of the Act so that an automatic supersedeas was properly denied.

Conflicting medical evidence[2] was presented to the referee. Employer does not challenge here, as he did before the Board, the referee's finding that the Claimant is partially disabled. Instead, Employer asserts that the referee erred in rejecting the evidence of its vocational expert by finding that

21. The defendant [Employer], although given the opportunity, failed to present credible evidence or testimony to show that work was available to the claimant which his limited physical condition would permit him to perform.

Employer argues that this evidence was uncontroverted and clearly established the availability of light work capable of being performed by Claimant. We disagree.

---

Employer then filed an "Amended Petition For Termination of Compensation" on October 10, 1979, which alleged that Claimant had fully recovered as of February 13, 1979. It is apparent that the purpose of this petition was an attempt by Employer to comply with the automatic supersedeas provisions of Section 413. Again, the supersedeas was properly denied because the physician's examination did not occur within fifteen days *of the filing of the petition.*

The referee treated the October 10th petition not as an amended petition but as a new Termination Petition which he then dismissed. Employer has not appealed this dismissal.

[2] Claimant was examined by three of Employer's medical experts: the first doctor examined Claimant on two occasions, each time finding no reason why Claimant should not return to work; the second doctor examined Claimant once and concluded that he was totally disabled and unable to return to his job as a truck driver; and the third doctor examined Claimant once and reserved his opinion until a further examination by another doctor was performed. With those results, he concluded that Claimant could have returned to his occupation as a truck driver as of August 27, 1979.

Claimant's treating physician suggested that Claimant return to driving a truck on a trial basis. Because Claimant was wearing a TENS UNIT, a device worn by a patient which stimulates the nerves with electrical current, Employer would not permit him to drive a gasoline tanker.

It is well settled that the burden is on the employer to show that disability has ended or has been reduced and that (1) work is available to claimant and (2) claimant is capable of doing such work. *State Products Corp. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 366, 434 A.2d 207 (1981). When the decision below is against the party with the burden of proof, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980). Finally, questions of credibility and resolution of conflicting testimony are for the referee, not the reviewing court. *Padilla v. Chain Bike Corp.,* 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976).

Employer has not challenged the referee's finding that Claimant is partially disabled and unable to drive a truck. Once there is a showing that a claimant, although unable to do the type of work in which he was engaged at the time of his injury, is capable of some type of work, the employer must then show the availability of work within claimant's capabilities. *State Products Corp.*

Employer presented to the referee the deposition of Mr. Michael Carrick, Manager of the Job Bank[3] of the Pennsylvania State Employment Service. Based on information from defense counsel,[4] Mr. Carrick de-

---

[3] According to Mr. Carrick, "[t]he Job Bank is a computer processing center which collects data on all of the job orders given to the local state employment offices by employers."

[4] On cross-examination, Mr. Carrick admitted that the normal procedure in matching an applicant to a job involved taking a written application which would "include the applicant's work history, details on any physical liabilities, education; enough information for

veloped a list of jobs available to Claimant. This, however, only met a part of Employer's burden. The referee found that Employer failed to establish Claimant's ability to perform available work, and we will not say that he capriciously disregarded competent evidence[5] in so finding.

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

### ORDER

The Workmen's Compensation Appeal Board order No. A-78890, dated December 4, 1980, is hereby affirmed.

---

us to know whether he is referable to an order that we have from an employer." Mr. Carrick neither interviewed Claimant nor took a written application.

[5] A capricious disregard of competent evidence is defined as "a willful and deliberate disbelief of an apparently trustworthy witness whose testimony one of ordinary intelligence could not possible challenge." *Smith v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 117, 119, 396 A.2d 905, 906 (1979).