532 A.2d 1255

Paul M. Ciccimaro, Appellant *v.* City of Philadelphia, Appellee.

Submitted on briefs September 15, 1987, to Judges CRAIG and MACPHAIL, and Senior Judge NARICK, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for appellant.

*Handsel Minyard,* City Solicitor, with him, *Carlton L. Johnson,* Assistant City Solicitor, for appellee.

OPINION BY SENIOR JUDGE NARICK, October 30, 1987:

Paul M. Ciccimaro (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed an order of the Philadelphia Civil Service Commission (Commission) denying disability benefits to Appellant under Philadelphia Civil Service Regulation 32.

Appellant was a fire fighter for the City of Philadelphia (Appellee) who injured his back on January 16, 1985 when transporting a patient to a rescue squad vehicle. He was placed on injured-on-duty status and received full wages in lieu of workmen's compensation. He received treatment at the City's Compensation Clinic until March 25, 1985 when he was ordered to perform light duty. After one and one-half days, he ceased working because of pain and was again placed on inactive status with benefits. He was again ordered to light duty on April 1, 1985; he worked for a short time that day, and requested another referral to the Compensation Clinic. He was placed on no duty status, and began a course of physical therapy treatment. On July 22, 1985, he was examined by a doctor at the Compensa-

tion Clinic and again ordered to perform light duty. He refused to return to work because of continuing pain. Benefits ceased, and appellant exercised his option to appeal under Civil Service Regulation 32.11. Following a hearing, the Commission denied benefits. The trial court, without taking additional evidence, affirmed.

Our scope of review where the trial court has limited itself to the record before the Commission is to determine whether the Commission's order violated Appellant's constitutional rights, whether the Commission manifestly abused its discretion or committed an error of law, or whether its decision was not based upon substantial evidence. *Fitzgerald v. Philadelphia Civil Service Commission,* 16 Pa. Commonwealth Ct. 540, 330 A.2d 285 (1974); *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974).

Regulation 32 is similar in intent and form to The Pennsylvania Workmen's Compensation Act (Act)[1] and this Court has held that the principles enunciated in interpreting the Act will apply to Regulation 32 where similar substantive issues are involved. *Smith v. Civil Service Commission, City of Philadelphia,* 53 Pa. Commonwealth Ct. 164, 417 A.2d 810 (1980); *Hays.*

Appellant first argues that the Commission committed an error of law in not holding Appellee collaterally estopped from terminating his disability benefits by virtue of the existence of a Notice of Compensation Payable filed in a related action under the Act. However, as Appellee correctly points out, Appellant failed to raise that issue before the Commission. We are, therefore, precluded from considering it on appeal.

Secondly, Appellant argues that the Commission improperly placed upon him the burden of proving that he could not return to work. When we consider this argu-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

ment in terms of the applicable precedents established under workmen's compensation law, as required by *Hays* and its progeny, we are convinced that the Commission has committed an error of law. Appellant was not seeking to gain benefits under Regulation 32,[2] but rather to retain them. Conversely, Appellee sought to terminate those benefits on the grounds that Appellant's disability had ended or was reduced. It has long been the law in the analogous situation in workmen's compensation cases that an employer seeking to terminate benefits bears the burden of proving that a claimant's disability has ended or has been reduced. *Coastal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (Swick)*, 72 Pa. Commonwealth Ct. 308, 457 A.2d 149 (1983). In addition, where a reduction of disability is at issue, the employer also must prove that there is work available to the claimant that he is capable of performing. *Id.*

Because the Commission improperly placed the burden of proof on Appellant, we must reverse its order and remand for findings on the issues of (1) whether Appellee has sustained its burden of proving that Appellant is no longer totally disabled,[3] and (2) whether Appellee has sustained its burden of proving there is work available *which Appellant is capable of performing.*[4]

---

[2] It is clear that in such a case, the person claiming benefits would bear the burden of proof. *See, e.g., Knowles v. Civil Service Commission of the City of Philadelphia*, 71 Pa. Commonwealth Ct. 494, 455 A.2d 268 (1983); *Smith; Hays.*

[3] By virtue of the fact that Appellee placed Appellant on "injured-on-duty" status, it has admitted both the disability and its service connection. Thus, neither the existence of the injury, nor its causation are at issue, both of which were discussed in the Commission's original adjudication.

[4] The Commission failed to make findings on this important issue. While it found Appellant to be sufficiently recovered to

In light of our conclusion to remand for error of law, we need not consider Appellant's remaining arguments.

ORDER

AND NOW, this 30th day of October, 1987, the order of the Court of Common Pleas of Philadelphia County, dated December 11, 1986, is reversed and remanded for findings consistent with the foregoing opinion. Jurisdiction relinquished.

---

return to a light duty assignment, it restricted that assignment to one not involving repetitive bending or heavy lifting. Whether the filing duties to which Appellant was assigned meet these criteria was not considered by the Commission.