576 A.2d 1184

**Gerald A. HAYGOOD, Appellant,**

**v.**

**CIVIL SERVICE COMMISSION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 3, 1990.

Decided June 20, 1990.

Michael Patrick Boyle, Philadelphia, for appellant.

Stephen A. Sawyer, Deputy City Sol., for appellee.

Before CRAIG and PALLADINO, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Gerald A. Haygood (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which affirmed the decision of the Civil Service Commission (Commission) denying his appeal from an order of the municipal employees' compensation clinic (Clinic) to return to work on a limited duty basis. We affirm.

Appellant, a treatment plant operator for the Water Department of the City of Philadelphia (City), sustained a work-related injury to his back. Because of the injury Appellant was placed on "no duty" status and received full wages from City in lieu of workmen's compensation. While on "no duty" status, Appellant received treatment at Clinic. Thereafter, Appellant's treating physician at Clinic determined that Appellant could do light work and ordered him to return to work on a limited duty basis. Appellant appealed to Commission from this order pursuant to Philadelphia Civil Service Regulation 32.11 (Regulation 32), which provides in pertinent part:

> A regulation 32 employee who is instructed by the Municipal Employees' compensation Clinic to return to work, either on a full-active or limited duty basis, and does not do so, is being insubordinate, even if he feels he is physically unable to work. In such a situation, however, he may appeal to the Civil Service Commission.

A hearing was conducted, after which Commission concluded that:

> Under Civil Service Regulation 32.11, the burden of proof is upon the appellant to demonstrate he cannot perform any duty. The Commissioners find that the medical evidence indicates he can perform limited duty now and could do so in the past. All of the objective tests were negative and the work assignment as described in the testimony of his supervisor was sedentary with no lifting or bending required.

Accordingly, Commission denied the appeal. Appellant appealed to trial court, which denied the appeal.

On appeal to this court,[1] Appellant raises one issue: whether Commission's order must be reversed because it incorrectly placed the burden of proof on Appellant.

■ Appellant relies exclusively on *Ciccimaro v. City of Philadelphia*, 110 Pa.Commonwealth Ct. 574, 532 A.2d 1255 (1987), which held that where an employer seeks to terminate benefits under Regulation 32 it carries the burden of proving that an employee's disability has ended or has been reduced. Appellant argues that the present appeal is controlled by *Ciccimaro* and must be reversed and remanded. While Appellant is correct that Commission incorrectly stated the burden of proof, a remand is unnecessary.

■ When a party is assigned the burden of proof, it must produce sufficient evidence to make a prima facie claim for the relief sought or lose summarily. *See Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 494 A.2d 1081 (1985). Where the burdened party has presented evidence such that it does not lose summarily, the burden of proof is no longer relevant and the fact finder must decide which party prevails based on the weight of the evidence. *See Morrissey v. Department of Highways*, 424 Pa. 87, 225 A.2d 895 (1967).

■ In the present case, Commissioner did not conclude that Appellant failed to carry the incorrectly placed burden of proof, but weighed the evidence presented by both sides. Because Commission, based on the evidence presented, found facts in favor of City, its conclusion that Appellant was required to carry the burden of proof was harmless error.

Accordingly, we affirm.

**1.** Our scope of review is limited to a determination of whether constitutional rights were violated, whether the Commission manifestly abused its discretion or committed an error of law, or whether its decision was not based on substantial evidence. *Ciccimaro v. City of Philadelphia*, 110 Pa.Commonwealth Ct. 574, 532 A.2d 1255 (1987).

## ORDER

AND NOW, June 20, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

CRUMLISH, Jr., former President Judge, did not participate in the decision in this case.