645 A.2d 434

Thomas MALLOY, Appellant,

v.

CIVIL SERVICE COMMISSION OF
CITY OF PHILADELPHIA.

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided July 5, 1994.

488

Robin A. Bolacker, for appellant.

Michael Resnick, for appellee.

Before CRAIG, President Judge, and SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

Police Officer Thomas Malloy (Malloy) appeals a decision of the Philadelphia County Court of Common Pleas upholding the Philadelphia Civil Service Commission's (Commission) decision denying disability benefits to Malloy under Philadelphia Civil Service Regulation 32.

Officer Malloy injured his wrist in May 1987 while struggling with a prisoner. The injury was deemed service-connected and thus Malloy was placed on injured-on-duty status and began receiving disability benefits. He then underwent surgery and subsequently commenced physical therapy. In January 1989, he was placed on limited duty status. On April 3, 1989, Malloy was ordered to return to full active duty after a City of Philadelphia (City) physician determined his wrist had fully recovered. Disability benefits ceased at that time. Malloy alleged, however, that on February 10, 1989, he had injured his left shoulder while performing physical therapy for the wrist injury. Using his accumulated sick and vacation time, he did not return to work until June 1989, on restricted

duty status. Malloy asserted his shoulder injury was service-connected because it occurred during physical therapy for his wrist and therefore claimed entitlement to benefits under Regulation 32, as well as recovery of his used sick and vacation time. The City Police Department denied his request. Malloy's subsequent appeals to the Commission and to the common pleas court were denied. Malloy now appeals to this Court.

 Our scope of review is limited to a determination of whether the constitutional rights of the appellant were violated, whether the Commission's findings of fact are supported by substantial evidence and whether the Commission manifestly abused its discretion or committed an error of law. *Philadelphia v. Hays,* 13 Pa.Commonwealth Ct. 621, 320 A.2d 406 (1974). Regulation 32 was adopted by the Commission to provide benefits for disabled uniformed and non-uniformed City employees and is similar in many respects to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031. *Id.* Substantive principles of law applied in cases under that Act are applicable to similar provisions in Regulation 32. *Id.*

Malloy raises two questions in this appeal: 1) whether the Commission's decision was unsupported by substantial evidence because it relied on uncorroborated hearsay testimony and ignored competent medical and other evidence to the contrary; and 2) whether the Commission committed an error of law requiring a remand by failing to state its reasons for disregarding Malloy's uncontested, unequivocal and competent medical evidence.

 An examination of the record reveals that the evidence at the hearing before the Commission, except for the testimony of Malloy himself, was all hearsay. Such evidence was accepted into evidence without objection. Although it is true that in limited circumstances—i.e., administrative and local agency proceedings—hearsay evidence admitted without objection will be given its natural probative effect and may support a finding of fact, this is so only if the hearsay evidence is corroborated by any competent evidence in the record.

*Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976). A finding of fact based solely on hearsay will not stand. *Id; see also A.Y. v. Department of Public Welfare,* 537 Pa. 116, 641 A.2d 1148 (1994).

 Malloy submitted a report of March 23, 1989, from Dr. John Sbarbaro, Jr., who evaluated Malloy and wrote:

> This 41 year-old male states that he was receiving physical therapy for a wrist injury that dates back to 1987 . . . The treatment consisted of an exercise program which required him to pull his shoulder up in the air. As a result of this, he developed immediate pain throughout his neck and shoulder and this has been unremitting since the incident of 2/10/89. The examination demonstrates that the left shoulder is essentially negative, it has a full range of motion without any localizing signs. The cervical spine is tender, it exhibits 30% mobility with crepitation and spasm at the extremes of motion. The brachial plexus is negative and the neurologic profile is normal.
>
> X-rays of the cervical spine demonstrate a moderate degenerative arthritis throughout. The X-rays of the left shoulder are normal.
>
> This patient has an acute cervical strain with radiculopathy into the left leg incident to the exercise accident of 2/10/89. I feel that he should continue on with his therapy and have additional physical therapy directed to his cervical spine. It may also be necessary to place him on antiarthritic medication.

Marilyn Lee, a hand therapist, stated in a report dated February 22, 1989, that Malloy had been complaining of left shoulder/cervical pain since February 13. Malloy testified that he pulled something in his shoulder and neck while using a machine called a versa climber in the course of his wrist therapy on Friday, February 10. (Notes of Testimony (N.T.), September 13, 1989, p. 23). He thought it was merely a muscle pull at the time and mentioned it to Lee; it "was really bothering" him over the weekend and therefore he again reported it to Lee when he returned to therapy on the

following Monday, at which time Lee began manipulating the shoulder. (N.T., September 13, 1989, pp. 23–24). Malloy testified that he had never previously had problems with his left shoulder. (N.T., September 13, 1989, pp. 24).

The City's evidence consists of a report from Nurse Sharon Geisel, dated March 1, 1989. Nurse Geisel stated therein that Malloy was unable "to identify the exact date on which the injury to his shoulder occurred." She stated that Lee stated Malloy had not complained of pain while performing his therapy, first complained of pain on February 13 and that tests and complaints of pain fluctuated.

However, Nurse Geisel also stated in her report that Malloy had told her he had been having pain in his left shoulder and neck for the past several weeks, thought he had pulled a muscle in that area while using the versa climber at physical therapy and had reported the incident to his therapist. She stated that Malloy told her he subsequently had to decrease some of his exercises due to the pain in his left shoulder and weakness in his left arm and hand. She stated that "Dr. David prescribed Flexeril (muscle relaxant) and Meclomen (anti-inflammatory) and ice to the area." She stated that "Dr. Levy examined the client and said that he possibly had a strain of the rotator cuff." According to the report, "Dr. Spratt .... stated that his impression is that the client probably had a strain of the cervical spine with a possible strain to the rotator cuff," but that he was only allowed to treat the injury listed on the referral form—i.e., the wrist injury.

After thorough consideration, we conclude that there are fundamental problems with the Commission's decision which make meaningful review impossible. First, the Commission pointed to the City's evidence only insofar as it relates to Malloy's reported uncertainty as to the date of injury. Second, it did not discuss evidence to the contrary from the City's own exhibit or from Malloy's testimony. The important question, as the Commission apparently did recognize, is whether Malloy established causation. *Hays.* The Commission stated that "the question ... is whether appellant sustained his

burden of proof, i.e., has he established that an injury occurred to his shoulder which is related to the wrist injury"; the basis for its decision was in fact its conclusion that "appellant did not meet his burden of proof." (Commission Decision, November 1, 1989, p. 2). However, another and, perhaps, the most significant problem with the Commission's decision is the lack of any express statement or other indication on the credibility or acceptability of Malloy's testimony or of Dr. Sbarbaro's report. While the dissent stated that Malloy was a credible witness, we cannot infer from this that the majority accepted his testimony or rejected it on credibility grounds. Fourth and finally, the Commission apparently did not adhere to the rule in *Walker*.

Thus, while the Commission correctly stated that causation was the key issue, it did not adequately address the evidence before it. It did not discuss Dr. Sbarbaro's report and did not even mention the testimony of the only witness before it, much less weigh the evidence or make essential findings of fact. Under the circumstances, we think the Commission's decision is insufficient for a reviewing court to determine whether its conclusion therein is properly reversed or affirmed. Thus, we agree with Malloy's second contention that the case should be remanded for the Commission to make essential findings of fact based on substantial competent evidence and to discuss its rationale. Section 555 of the Local Agency Law, 2 Pa.C.S. § 555; *Turner v. Civil Service Commission*, 75 Pa.Commonwealth Ct. 138, 462 A.2d 306 (1983). We surmise that the insufficiency of the Commission's decision may well be due to the nature of most of the evidence here, which possibly was part of the parties' own acquiescence or tacit understanding essentially to litigate this case "on paper." Therefore, in order to ensure that this does not happen again, we also think it appropriate that, on remand, the parties be provided an opportunity to present the Commission with non-hearsay evidence.

Accordingly, the common pleas court's order is vacated and this case is remanded for the Commission to allow the parties an opportunity to present additional, non-hearsay evidence and for the Commission to render a decision in accordance

with this opinion based on this record and any evidence offered.

## ORDER

AND NOW, this 5th day of July, 1994, the order of the Court of Common Pleas of Philadelphia County Common Pleas, No. 8911–1224, dated June 25, 1992, is hereby vacated and this case is remanded to that court to order the Civil Service Commission of Philadelphia to allow the parties an opportunity to present additional, non-hearsay evidence and to render a decision—including a discussion of all of the evidence; explicit acceptance or rejection of such evidence based on weight and credibility determinations of such evidence; reasons for the evidentiary decision; a rationale which comports with the law; and findings of fact predicated on substantial competent evidence—in accordance with the foregoing opinion based on this record and any additional evidence offered.

Jurisdiction relinquished.

SMITH, J., dissents.