649 A.2d 736

**ERIE INSURANCE COMPANY/ERIE INSURANCE EXCHANGE, Appellant,**

v.

**Jerry L. FLOOD, Jr., Michael G. Case, Trudy Case, Michael Case, Shawn F. Perks, and Commonwealth of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Argued Sept. 19, 1994.

Decided Nov. 3, 1994.

Joseph P. Green, for appellant.

James M. Horn, for appellees.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Erie Insurance Company (Erie) appeals from the July 19, 1993 order of the Court of Common Pleas of Centre County which affirmed its order dated January 29, 1993, directing that an insurance policy issued by Erie provide coverage to the insured's minor son for a car accident, and which denied Erie's motion for post-trial relief. We affirm.

In this appeal, Erie raises the following issues: (1) whether the trial court erred in concluding that the insured's minor son was a resident of the insured's household for purposes of liability coverage; and (2) whether the trial court erred in allocating the burden of proof of non-coverage to Erie.

Erie issued a policy of automobile liability insurance to Barbara Flood (mother), the mother of sixteen-year-old Jerry Flood (Son). The policy had an effective term of May 1, 1989 to May 1, 1990. On September 9, 1989, a single motor vehicle accident occurred involving a car driven by Son. As a result of the accident, Michael Case and Shawn Perks, passengers in the car, were injured. Each separately commenced a civil action against Son.[1] Erie filed a declaratory judgment action seeking a determination as to its obligation to defend Son with respect to these civil actions.

Son was not specifically named or identified as an insured under the terms of his mother's policy. Under the terms of the insurance policy, an individual who is not a named insured must be a "relative" of the named insured in order to receive liability protection. A "relative" is defined as a person who is related to the named insured by blood, marriage or adoption *and* who is a "resident" of the named insured's household.

As of the date of the accident, mother was divorced from Son's father. Son moved back and forth between his parents' homes as was reflected in his school attendance records. Although Son had a bedroom available at both his mother's house and his father's house, he would typically take whatever few personal belongings he had with him when he would stay with either of them. Approximately three to four weeks before the accident, mother told Son to leave her residence with the intent of terminating Son's status as a member of that household. Immediately after the accident, mother took Son back to live with her for an indefinite period of time. Son subsequently continued to move back and forth between his mother's house and his father's house.

The trial court concluded that the phrases "relative" and "resident" as used in the insurance policy were ambiguous and would accordingly be construed against Erie. It further concluded that Son was both a relative within the meaning of the automobile insurance policy and a resident of mother's

1. The Pennsylvania Department of Transportation is a defendant in these underlying civil actions based upon theories of negligence, highway maintenance and design.

household on the date of the accident. As such, Son was entitled to liability coverage under the insurance policy.

The trial court found that Erie had an obligation to defend Son with respect to the civil actions filed against him for the September 9 car accident. The trial court also noted that Erie had the evidentiary burden of obtaining a declaration of non-coverage and that Erie had not met this burden.

■ Erie then filed a motion for post-trial relief. The trial court denied Erie's motion and affirmed its order dated January 29, 1993, which stated that the insurance policy issued by Erie to mother provided coverage to Son for the automobile accident on September 9, 1989. This appeal followed.[2]

■ Erie first contends that the trial court erred in concluding that the terms "relative" and "resident," as used in the insurance policy, were ambiguous. In addition, Erie asserts that the factual circumstances of this case demonstrate that Son was not a resident of his mother's household at the time relevant to determining the applicability of liability insurance coverage. We disagree.

Since Son was not a named insured under his mother's policy, the issue of his entitlement to coverage turns upon whether he is a "relative" of the policyholder. Pursuant to the language of the insurance policy, a "relative" is a "resident" of the insured's household who is related to the insured by blood, marriage or adoption. Neither side has contested the fact that Son is related to mother by blood. Therefore, the determinative issue is whether Son qualifies as a "resident" of mother's household.

■ The trial court concluded that the terms "resident," and thus "relative," were ambiguous and would be construed against Erie. As noted by the trial court, any ambiguity in an

2. In an appeal from a declaratory judgment action, this court's standard of review is limited to determining whether the trial court's findings were supported by substantial evidence, whether the trial court committed an error of law, or whether the trial court abused its discretion. *Apollo–Ridge School District v. Tax Claim Bureau*, 141 Pa.Commonwealth Ct. 111, 595 A.2d 217 (1991).

insurance policy must be construed in favor of the insured. *State Farm Insurance Co. v. Bullock,* 316 Pa.Superior Ct. 475, 463 A.2d 463 (1983). In addition, it is strictly a legal determination as to whether written contract terms are ambiguous. *Metzger v. Clifford Realty Corp.,* 327 Pa.Superior Ct. 377, 476 A.2d 1 (1984).

A contract will be found to be ambiguous if, and only if, it is reasonably or fairly susceptible to different constructions, is capable of being understood in more senses than one, is obscure in meaning through indefiniteness of expression, or has a double meaning. *Young by Young v. Equitable Life Assurance Society of the United States,* 350 Pa.Superior Ct. 247, 504 A.2d 339 (1986). A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction. *Id.* at 252–53, 504 A.2d at 341.

The term "resident" has been defined as meaning one who actually resides in the household of the insured. *Amica Mutual Insurance Co. v. Donegal Mutual Insurance Co.,* 376 Pa.Superior Ct. 109, 545 A.2d 343 (1988). The court in *Amica* observed that the term "resident" amounts to one's factual place of abode. However, this definition still leaves open the question of whether a relative can be a resident of more than one household.

The court in *Amica* noted that although no Pennsylvania appellate decision has yet decided the issue, a child of separated or divorced parents may be regarded as a resident of the households of both parents. *Id.* at 120, 545 A.2d at 348. Such a holding would seem appropriate where the child divides his time between the two. *Id.* In *Miller v. U.S.F. & G. Co.,* 28 Pa.D. & C.3d 389 (1983), the sixteen-year-old son of divorced parents was held to be a resident of both households. The court in *Miller* concluded that the phrase "resident of a household" was ambiguous and that the insurance company

could have further defined it had the company chosen to do so.[3]

In this case, Erie's failure to elaborate on the definitions of "relative" and "resident" created an ambiguity as to whether the policy contemplated coverage to dual residents. Erie did not issue its insurance policy to mother until May 1989, ten months after *Amica* was decided. Since the *Amica* opinion effectively provided notice to insurers of the potential for a determination of dual residency, Erie could have clarified the language in its policy during the interim. Moreover, the record clearly reflects the fact that Son was continuously moving between his mother's home and his father's home. Reproduced Record (R.) at 160a–74a. The trial court's conclusion that the words "relative" and "resident" were ambiguous, as applied to the particular facts of this case, is adequately grounded in both fact and law.

■ Erie further contends that even if the terms "relative" and "resident" are ambiguous, the facts in this case do not lead to the conclusion that Son was a protected person for liability insurance purposes under any definition of those terms. We disagree.

■ Son's status as a resident of his mother's household was supported by substantial evidence in the record. In determining whether substantial evidence exists, this court must review and evaluate the relevant evidence relied upon to determine if a reasonable person would consider it adequate to support the findings. *McDermond v. Foster,* 127 Pa.Commonwealth Ct. 151, 561 A.2d 70 (1989). Where there is conflicting evidence, the conclusions of the trial court judge who heard the conflicting evidence cannot be lightly disturbed. *Morris v. Morris,* 136 Pa.Superior Ct. 167, 7 A.2d 18 (1939).

In this case, the evidence showed that Son had established a pattern of spending significant time at both his mother's house and his father's house. R. at 161a–62a. There was no custody agreement or order mandating his presence in either household for a particular period of time. R. at 160a–61a.

**3.** Although decisions of lower courts are not controlling on this court, we find the reasoning in *Miller* to be persuasive.

Although he divided his time between his parents' homes, Son never stayed with either one for more than six months. R. at 174a. Son's alternating pattern of living arrangements was evident from his school records. R. at 101a–20a. Son testified that he accepted support from whichever parent he was then living with, he did not own any significant property and essentially took only his clothes with him when he moved, he could have received important mail at either residence, and personal bedrooms were available for his use at both homes. R. at 173a–87a.

The trial court found that three to four weeks before the car accident, mother told Son to leave her residence with the intent of terminating his status as a member of that household. In the past, however, Son had moved between homes because of boredom or disagreements with the parent with whom he was then living. R. at 161a. Despite mother having told Son to leave her home, immediately after the accident mother took Son back to live with her for an indefinite period of time. The trial court's finding that Son was a resident of his mother's household was supported by substantial evidence and, accordingly, must be upheld.

 Erie's second argument is that the trial court erred in concluding that Erie had the evidentiary burden of obtaining a declaration of non-coverage. It asserts that since the issue of residency arose in the context of basic policy protection, and not in the context of enforcement of an exclusion or limitation, the burden of proof should not be on Erie.

This court has held that where a burdened party has presented evidence such that it does not lose summarily, the burden of proof is no longer relevant and the fact finder must decide which party prevails based on the weight of the evidence. *Haygood v. Civil Service Commission,* 133 Pa.Commonwealth Ct. 517, 576 A.2d 1184 (1990), *petition for allowance of appeal granted,* 527 Pa. 605, 589 A.2d 694 (1991), *appeal dismissed,* 529 Pa. 447, 605 A.2d 306 (1992). In such a situation, a misallocation of the burden of proof will be considered harmless error. *Id.* Moreover, the Third Circuit Court of Appeals, in a decision applying Pennsylvania law, has noted

that where an insurer seeks a declaration of non-coverage as to a particular accident, the insurance company should be able to produce proof of the facts it asserts. *Liberty Mutual Insurance Co. v. Sweeney*, 216 F.2d 209 (3d Cir.1954).

In this case, the evidence presented by the parties was virtually identical, especially with respect to Son's pattern of residing with both parents and mother's request, three to four weeks prior to the car accident, that Son leave her home. It is clear from the record that the trial court did not summarily dismiss Erie's claims for failure to meet an allegedly improperly imposed burden of proof. Rather, the trial court carefully weighed both parties' claims and evidence and ruled against Erie. Since the court's ultimate decision was based upon substantial cumulative evidence, as it would have been had the burden been reversed, there was no error by the trial court.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, this 3rd day of November, 1994, the order of the Court of Common Pleas of Centre County, dated July 19, 1993, at No. 1991–2327, is affirmed.