**Andrew WHEELER, Appellant,**

**v.**

**CIVIL SERVICE COMMISSION.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1995.

Decided March 15, 1995.

David C. Harrison, for appellant.

Peter M. Harrison, for appellee.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Andrew Wheeler appeals an order of the Philadelphia County Court of Common Pleas (common pleas court) denying his appeal from a decision of the Civil Service Commission (Commission) that he no longer suffers from a service-connected disability.

On March 11, 1988, Wheeler, an inspector for the City of Philadelphia's (city) Department of Public Health, was injured when he fell through a defective stairway during a house inspection. Wheeler suffered a visible contusion and edema to his lower left leg. Pursuant to the Commission's Regulation 32, Wheeler received disability benefits. He continued to receive these benefits until October 14, 1988, when the city decided that he no longer had any disability from his work injury. Wheeler then appealed to the Commission, which determined that, although he no longer had any service-connected disability, he did have a continuing disability. The Commission directed him to perform limited duty work. The city never returned Wheeler to such work. The common pleas court denied Wheeler's appeal from the Commission's decision. Wheeler's appeal to this Court followed.

Wheeler now raises four issues on appeal. 1) Whether the city produced sufficient evidence to meet its burden of proof that his service-connected disability ceased; 2) whether the Commission erred in admitting Dr. Parlin's hearsay statement regarding his disability; 3) whether the city met its burden under *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993) to establish that his original injury was "reversible"; and 4) whether the city erred in failing to offer him limited duty work.[1]

Wheeler first asserts that the city had the burden of proof in this case, and it failed to sustain its burden. Our consideration of this matter is aided by a recitation of the Commission's findings and conclusions, based on certain documents admitted into the record, as to whether Wheeler's continuing disability is work-related. The Commission stated:

There are two issues raised by this appeal: first is there sufficient evidence to find appellant's phlebitis condition is service connected.... The Commissioners find appellant has failed to sustain his burden of proof that his continuing disability from 10/14/88 to the present is related causally to the 3/11/88 accident....

In the matter of service connection, the burden of proof is upon the injured employee. We find appellant did not sustain this burden because the medical evidence indicates he is not suffering from a venous insufficiency, but rather from some form of bilateral edema. Neither of these conditions can be caused by trauma, but, are conditions that develop over a period of years.

Dr. Leonard Segal examined appellant on 10/4/88 and indicated he found nothing wrong with appellant's left leg which can be related to the 3/11/88 trauma see (Exhibit D–5).

---

1. Where no additional evidence is taken by the common pleas court, our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, there was not compliance with the Local Agency Law, or whether substantial evidence supports the Commission's findings of fact. *Civil Service Commission of West Mifflin v. Vargo*, 122 Pa.Commonwealth Ct. 642, 553 A.2d 102 (1989). The Commission adopted Regulation 32 to afford benefits to both uniformed and non-uniformed disabled city employees and is akin in many ways to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031. *Malloy v. Civil Service Commission of City of Philadelphia*, 165 Pa.Commonwealth Ct. 487, 645 A.2d 434 (1994). Substantive legal principles applicable under that Act apply as well to like provisions in Regulation 32. *Id.*

Dr. Daniel Parlin indicated that a venogram examination was essentially negative and that, in his opinion, the original contusion appellant sustained to the left leg had healed and did not cause appellant to remain disabled.

Dr. Maxwell Stepanuk, in a report dated 11/10/88, indicated, "Mr. Wheeler does have a significant problem with his left lower extremity which appears to be vascular in nature.... This gentleman is quite incapacitated and I do not feel that he can return to his regular duties as an inspector as he cannot climb stairs and cannot certainly be on his feet for any prolonged period of time. It appears as though his problem is chronic and there is little else that I can recommend for him other than to evaluate his extremity and continue wearing support hose."

Dr. Alan Meltzer, in a report dated 10/25/88 indicated, "He does have a swollen left leg as compared to the right. The left itself is tender to palpitation ... I must add that most certainly trauma to an extremity can cause phlebitis."

*Based upon all of the aforesaid medical evidence, we find appellant has not established by sufficient evidence that his continuing disability from 10/14/88 to the present is service connected.*

(Commission's decision, dated January 18, 1989, pp. 2–3). (Emphasis added.)

As the common pleas court noted, this Court, in *Ciccimaro v. City of Philadelphia,* 110 Pa.Commonwealth Ct. 574, 532 A.2d 1255 (1987) stated:

It has long been the law in the analogous situation in workmen's compensation cases that an employer seeking to terminate benefits bears the burden of proving that a claimant's disability has ended or has been reduced. *Coastal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (Swick),* 72 Pa.Commonwealth Ct. 308, 457 A.2d 149 (1983). In addition, where a reduction of disability is at issue, the employer also must prove that there is work

available to the claimant that he is capable of performing. Id.

*Ciccimaro* at 577, 532 A.2d at 1256–1257.

 It is free from doubt, based on *Ciccimaro,* that the Commission erroneously placed on Wheeler the burden of proving his disability was work-related, instead of placing on the city the burden of proving that Wheeler's service-connected disability had ceased or lessened. Recognizing this, the common pleas court nonetheless determined, based on our decision in *Haygood v. Civil Service Commission,* 133 Pa.Commonwealth Ct. 517, 576 A.2d 1184 (1990), *appeal granted* 527 Pa. 605, 589 A.2d 694 (1991), *appeal dismissed* 529 Pa. 447, 605 A.2d 306 (1992) that the Commission's error was harmless, since the city adduced sufficient evidence in support of its contention that Wheeler's benefits should be reduced or terminated; therefore, the burden of proof was irrelevant.

In *Haygood,* a city employee suffered a work-related back injury. Instead of workmen's compensation benefits, he received full wages and was treated for his injury until a determination was made that he could return to limited duty work. The employee appealed to the Commission from this decision under Regulation 32. After a hearing, the Commission stated:

Under Civil Service Regulation 32.11, the burden of proof is upon the appellant to demonstrate he cannot perform any duty. The Commissioners find that the medical evidence indicates he can perform limited duty now and could do so in the past. All of the objective tests were negative and the work assignment as described in the testimony of his supervisor was sedentary with no lifting or bending required.

The Commission denied the employee's appeal, and the common pleas court affirmed. In his appeal to this Court, the employee, relying on *Ciccimaro,* argued that the denial of his appeal should be reversed and the case should be remanded to the Commission since it had erroneously assigned him the burden of proof. We disagreed, stating that "[w]hile Appellant is correct that Commission *incorrectly stated* the burden of proof, a remand is unnecessary." *Haygood* at 520, 576 A.2d at

1185. (Emphasis added.) We then explained:

> Commissioner [sic] did not conclude that Appellant failed to carry the incorrectly placed burden of proof, but weighed the evidence presented by both sides. Because Commission, based on the evidence presented, found facts in favor of City, its conclusion that Appellant was required to carry the burden of proof was harmless error.

*Id.* at 520, 576 A.2d at 1186.

■ Certainly, this case is more like *Ciccimaro* than *Haygood* since, here, the Commissioners erroneously assigned the burden of proof to Wheeler and determined that he failed to bear his burden. Although the medical evidence the Commission outlined in support of this conclusion was adduced by both Wheeler and the City—that is, the evidence the Commission relied on with regard to Drs. Segal and Parlin was introduced by the city and the evidence it relied on with regard to Drs. Stepanuk and Meltzer was introduced by Wheeler, the Commission failed to explain how it reached its decision other than to say that Wheeler failed to meet his burden of proof.

Since it was the city's burden to prove that Wheeler's disability has ceased or lessened, and not Wheeler's burden to prove otherwise, and since the Commission erroneously determined that Wheeler failed to meet his burden, we must reverse the Commission's order and remand the case for findings on the issue of whether the city sustained its burden of proof.

As we learn from our consideration of the second issue Wheeler raises, which we address for purposes of the remand proceeding, this case then becomes more problematic. This is because of the way the parties chose to litigate it. With the exception of Wheeler's testimony, the only evidence both parties adduced at the hearing was hearsay. *See Malloy.*[2]

■ Wheeler asks whether the Commission erred in admitting the hearsay statement of Dr. Parlin regarding his disability. As Wheeler points out, Dr. Parlin's statement came into evidence via the report of Carmen A. Kryman, R.N., a rehabilitation specialist with Central Rehabilitation Associates, Inc. Wheeler contends that he objected to the introduction of Dr. Parlin's statement, although a review of the notes of testimony shows that he actually objected to Nurse Kryman's summaries of various medical reports. Whether Wheeler objected to Dr. Parlin's statement or not, however, the hearsay rule as enunciated in *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976) and its progeny makes clear that this statement *on this record* cannot support a finding of fact.

We held in *Walker* that hearsay evidence, which is properly objected to, is incompetent to support an agency finding. We also held that hearsay evidence, which is not objected to, will be given its natural probative effect and may support an agency finding if there is any competent evidence in the record to corroborate it; a finding based on hearsay alone is insufficient. *Id.* at 527, 367 A.2d at 370.

Since the parties to this case essentially litigated it "on paper," as in *Malloy,* Dr. Parlin's statement, even if not objected to, has no *competent* evidence to corroborate it. What this effectively means is that, on remand, the city cannot meet its burden of proof because of the lack of competent evidence for doing so. Once again, then, we will allow the parties on remand an opportunity for presenting non-hearsay evidence. This is the second time in a very short period that we have had occasion to reverse and remand a case because of hearsay improperly relied upon by the Commission in Philadelphia. We serve notice by this opinion, that from this date forward, a party that chooses to rely on hearsay evidence as proof of its claims will suffer the consequences of any such strategy.

2. There, we determined that the Commission in Philadelphia did not reach a decision sufficient for our review. We remanded the case and asserted our belief that the Commission's decision may have been inadequate for reviewing purposes because the parties essentially presented their cases "on·paper." We then afforded the parties on remand the opportunity to adduce non-hearsay evidence before the Commission.

Moreover, we see no reason to consider Wheeler's last argument that the city was required to provide him with limited duty work. This case is remanded for reconsideration in accordance with this opinion. Nonetheless, we admit to being somewhat mystified by the Commission's direction to Wheeler to perform limited duty work given the Commission's determination that he no longer suffers a service-connected disability.[3]

## ORDER

AND NOW, this 15th day of March, 1995, the order of the Philadelphia County Court of Common Pleas, dated October 22, 1992, No. 89–02–1499, is reversed and the case is remanded to the common pleas court for remand to the Commission to hear non-hearsay evidence, in addition to evidence already presented, on which to base findings of fact and conclusions of law consistent with this opinion.

Jurisdiction relinquished.

---

**3.** Due to our resolution of this matter, we need not reach Wheeler's argument relating to our Supreme Court's decision in *Hebden* which, we note, did not come down until more than a year after the common pleas court's October 22, 1992 order.