**Robert SWEED**

v.

**CITY OF PHILADELPHIA, Risk Management Division, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1996.

Decided Dec. 30, 1996.

Martin G. Malloy, Philadelphia, for appellant.

Ira B. Shrager, Philadelphia, for appellee.

Before COLINS, President Judge, DOYLE, McGINLEY, SMITH, FRIEDMAN, FLAHERTY and LEADBETTER, JJ.

FRIEDMAN, Judge.

The City of Philadelphia, Risk Management Division (Employer), appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) reversing a decision of the Philadelphia Civil Service Commission (Commission) which held that, because Robert Sweed (Employee) no longer suffers from any significant work-related orthopedic disability,[1] he must perform limited duty work. We affirm.

Employee was employed as a police officer with Employer when, on January 17, 1994, he injured his lower back and abdomen in the course and scope of his employment while attempting to lift a gurney to remove a corpse. Employee was treated at Northeastern Hospital of Pennsylvania and diagnosed with a left inguinal hernia and lumbosacral strain.

After having his hernia surgically repaired in February of 1994, Employee was placed on no-duty status and paid I.O.D. benefits until April 7, 1994, at which time Employee was released to return to active duty work, without restrictions. In the meantime, Employee continued to receive treatment for his back at the Municipal Employees' Compensation Clinic (Compensation Clinic).

On April 11, 1994, Employee requested a medical referral from his commanding officer, stating that he continued to suffer from lower back pain due to his January 17, 1994 work injury. In May of 1994, Employee was referred to Michael I. Greenberg, M.D., who examined Employee and diagnosed him as suffering from a grade II spondylolisthesis L4–5. Employee was alternately placed on no-duty status or limited duty status during May and June of 1994.

In June of 1994, Employee was referred to Helen M. Horstmann, M.D., an orthopedic specialist, for treatment of his continuing back pain. After examining Employee, Dr. Horstmann agreed that Employee's x-rays showed a grade II spondylolisthesis L4–5. Dr. Horstmann opined that, although Employee's spondylolisthesis was likely a pre-existing condition, it was aggravated by, and became symptomatic due to, Employee's work-related injury of January 17, 1994.

Dr. Horstmann then referred Employee to her partner, Henry H. Sherk, M.D., Professor and Chief of Orthopedic Surgery at the Medical College of Pennsylvania. After completing his own examination of Employee, Dr. Sherk opined that, based upon Employee's medical history, it appeared that Employee's condition was work-related. Dr. Sherk recommended rehabilitation exercises, a back brace and oral medication.

---

1. Although Employer appears to concede that Employee remains disabled to some degree, Employer contends that Employee's disability is due to a non-work related pre-existing condition. However, it is not entirely clear from the Commission's opinion whether its decision to deny Employee's appeal and order him back to limited duty was based on a finding that Employee no longer suffers from *any* significant disability at all or a finding that Employee no longer suffers from any significant *work-related* disability. In either case, for the reasons set forth in the following opinion, we believe that Employer has failed to introduce sufficient, competent evidence to support any finding by the Commission which would terminate, suspend or otherwise modify Employee's injured-on-duty (I.O.D.) benefits.

On June 14, 1994, Employee was ordered to return to limited duty status, which required him to work four hours a day. On June 20, 1994, Employee filed an appeal with the Commission pursuant to Philadelphia Civil Service Regulation 32.11 (Regulation 32.11),[2] alleging that he had attempted to work four hours per day but that his pain had increased and that he was unable to continue working.

On November 1, 1994, the Commission conducted a hearing on Employee's Regulation 32 appeals.[3] At the hearing, Employer introduced a "packet" of medical records and reports documenting Employee's treatment from the time of his work-related injury. Based on these records and reports, the Commission concluded that Employee had recovered from his hernia and no longer suffered from any significant work-related orthopedic disability, and, therefore, he should perform limited duty work. Accordingly, the Commission denied both of Employee's Regulation 32 appeals.

■ Employee appealed the Commission's determination to the trial court, which reversed the Commission's decision.[4] The trial court found that no substantial evidence existed to support the Commission's finding that Employee no longer suffered from any significant work-related orthopedic disability.[5] The City then appealed the trial court's order to this court.[6]

On April 8, 1996, this court, in an opinion authored by Judge Kelley, affirmed the trial court. After an independent review of the record, we agreed with the trial court's determination that the Commission's findings were not supported by substantial, competent evidence.

Subsequently, we granted the City's application for reconsideration and reargument of our order affirming the trial court. After careful review of the record, briefs and applicable law, we, again, affirm the trial court's order granting Employee's appeal and reversing the decision of the Commission.

■ Initially, we note that Regulation 32 is similar in intent and form to the Pennsylvania Workers' Compensation Act (Act),[7] and this court has held that the principles enunciated in interpreting that Act will apply to Regulation 32 where similar substantive issues are involved. *Ciccimaro v. City of Phil-*

---

2. Regulation 32.11 provides, in pertinent part, as follows:

> A Regulation 32 employee who is instructed by the Municipal Employees' Compensation Clinic to return to work, either on a full-active or limited duty basis, and does not do so, is being insubordinate, even if he feels he is physically unable to return to work. In such a situation, however, he may appeal to the Civil Service Commission.

3. On July 1, 1994, Dr. Greenberg determined that, although Employee was unable to work, his disability was the result of his spondylolisthesis, a *non*-work-related medical condition. (Discharge Summary of November 28, 1994, R.R. at 55A.) Consequently, Employee also filed an appeal with the Commission pursuant to Philadelphia Civil Service Regulation 32.12 (Regulation 32.12), which provides, in pertinent part, as follows:

> The following employees may appeal to the Civil Service Commission from an action of the appointing authority or the Personnel Director depriving them of more than ten (10) days' benefits under this Regulation ...
> Any employee aggrieved by a finding as to the existence, nature, or service-connection of his disability.

Because we believe, however, that the burden in this case properly lies with Employer, and Employer failed to meet its burden, (*see infra* ), Em-

ployee's Regulation 32.12 appeal was both inappropriate and unnecessary; thus, we need not address it here on appeal.

4. The trial court did not file a formal opinion in this case. The reasons for the trial court's June 1, 1995 order are set forth in the notes of testimony of the trial court proceeding, dated June 1, 1995. (R.R. at 62A–65A.)

5. In fact, the trial court found that there was "an enormous body of evidence" to support the contrary conclusion, i.e., that Employee *continued* to suffer from a significant work-related orthopedic disability. (R.R. at 64A.)

6. Our scope of review where the trial court has limited itself to the record before the Commission is restricted to determining whether the Commission's order violated Employee's constitutional rights, whether the Commission manifestly abused its discretion or committed an error of law, or whether the Commission's decision was not based upon substantial evidence. *Haygood v. Civil Service Commission,* 133 Pa. Cmwlth. 517, 576 A.2d 1184 (1990), *appeal granted,* 527 Pa. 605, 589 A.2d 694 (1991), *appeal dismissed,* 529 Pa. 447, 605 A.2d 306 (1992).

7. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

*adelphia*, 110 Pa.Cmwlth. 574, 532 A.2d 1255 (1987); *Smith v. Philadelphia Civil Service Commission*, 53 Pa.Cmwlth. 164, 417 A.2d 810 (1980). Pursuant to the relevant principles established under workers' compensation law, where an employer seeks to terminate benefits after the issuance of a notice of compensation payable or an agreement to pay benefits, the burden is on the employer to prove that the employee's disability has ceased or that the current disability is not related to his previous work-related injury. *Gumro v. Workmen's Compensation Appeal Board (Emerald Mines Corp.)*, 533 Pa. 461, 626 A.2d 94 (1993); *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983).[8] Applying these principles to Regulation 32, where an employer seeks to terminate benefits after placing an employee on I.O.D. status, the burden is on the employer to prove that the employee is no longer disabled or that the employee's current disability is not related to his previous work-related injury. *See Ciccimaro* (holding that an employee seeking to *retain* benefits does not bear the burden of proving that a disability is present and that it is service-connected).

▪ Here, after investigation into the circumstances surrounding Employee's injury,[9]

Employer placed Employee on I.O.D. status, thereby agreeing to pay Employee benefits for a disabling service-connected injury to his lower back and abdomen. Subsequently, on June 14, 1994, Employer ordered Employee back to limited duty, thereby seeking to "terminate" Employee's I.O.D. benefits based on the non-work related nature of his disability. Accordingly, the burden was on Employer to introduce substantial, competent evidence to establish that an independent cause for Employee's disability exists so that Employee's disability is no longer work-related. *Gumro; Beissel.*

▪ In order to meet this burden, Employer introduced documentary evidence in the form of medical records and reports. Based upon this evidence, the Commission found that Employee's current disability was no longer a result of his work-related injury, but, rather, was a result of his pre-existing spondylolisthesis. Because the only evidence that Employer introduced at the hearing before the Commission was uncorroborated hearsay, however, there is no competent evidence in the record to substantiate or warrant the Commission's finding.[10]

In *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522,

---

8. In *Beissel*, the supreme court reviewed an employer's petition for termination of benefits which challenged the original causal relationship between the employee's injury and his continuing disability. In order to justify a termination, the court held that, once a notice of compensation payable has been filed or an agreement to pay benefits has been made, the employer bears the burden of proving that the employee's disability has ceased. Likewise, the court held that, in order to be entitled to a termination, an employer who asserts not that an employee's disability has ceased, but that there is an independent cause for the disability unrelated to the original work injury, bears "the burden of proving that an independent cause of an employee's disability arose *after* the filing of a notice of compensation payable...." *Id.* at 185, 465 A.2d at 972.

9. Under Regulation 32, an employee allegedly injured on duty must be examined at the Compensation Clinic *before* Employer will make a determination whether to grant the employee I.O.D. benefits. Here, the Compensation Clinic examined Employee and determined that he had sustained a service-connected injury to his lower back and abdomen which warranted the payment of I.O.D. benefits.

10. Although hospital and medical records are admissible into evidence as exceptions to the hearsay rule under the Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108, they must be properly authenticated by "the custodian or other qualified witness...." 42 Pa.C.S. § 6108(b). Here, Employer, who bore the burden of proof, neglected to authenticate, in accordance with section 6108(b), any of the documents it submitted to the Commission.

Moreover, even if Employer had properly authenticated the medical records and reports it sought to introduce, such records and reports would only be admissible to prove facts relating to, for example, hospitalization or treatment, treatment methods prescribed or symptoms described to the physician by the patient for the purpose of receiving medical advice. *See Morris v. Moss*, 290 Pa. Superior Ct. 587, 435 A.2d 184 (1981); *Commonwealth v. Seville*, 266 Pa. Superior Ct. 587, 405 A.2d 1262 (1979). However, such records and reports would not be admissible to prove opinions, diagnoses and conclusions contained therein, *Morris;* therefore, Employer could not use the reports to show that Employee no longer experienced any pain or that he was fully recovered from his work-related injury.

367 A.2d 366 (1976), we held that hearsay evidence which is properly objected to is incompetent to support an agency finding. We also held that hearsay evidence which is not objected to, as is the case here, will be given its natural probative effect and may support an agency finding *if there is any competent evidence in the record to corroborate it;* a finding based on hearsay alone is insufficient. *Id.*

Here, the medical evidence Employer introduced, though not objected to, is not corroborated by any competent evidence in the record.[11] Because the Commission's finding that Employee no longer suffers from any significant work-related orthopedic disability, based on hearsay alone, is without support, Employer has not met its burden of proof, and the Commission's decision should be reversed. *See Wheeler v. Civil Service Commission,* 656 A.2d 572 (Pa.Cmwlth.1995); *Sammons v. Civil Service Commission of the City of Philadelphia,* 673 A.2d 998 (Pa. Cmwlth.1996).[12]

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 30th day of December, 1996, the order of the Court of Common Pleas of Philadelphia County, dated June 1, 1995, at No. 9501-0153, is affirmed.

11. After the close of the record in this case, Employer also attempted to introduce a Discharge Summary written by Dr. Greenberg which contained his medical opinion that Employee "does not suffer any significant medical or orthopedic problem except for the spondylolisthesis which is not due to a work related medical condition." (R.R. at 57A.) However, even if it were true, as Employer argues, that the conclusions contained in Dr. Greenberg's Discharge Summary, although not admissible itself, are reiterated by other, independent medical evidence in the record, that evidence, too, is inadmissible hearsay and, thus, incompetent to support the Commission's finding.

12. In *Wheeler v. Civil Service Commission,* 656 A.2d 572 (Pa.Cmwlth.1995), and again in *Sammons v. Civil Service Commission of the City of Philadelphia,* 673 A.2d 998 (Pa.Cmwlth.1996), we warned that a party who chooses to rely on hearsay evidence as proof of its claims will suffer the consequences of any such strategy. Although Employer contended, on reargument before this

LEADBETTER, Judge, concurring.

I concur in the result. In this case, the only *substantial* evidence to support the Commission's findings was the discharge summary discussed in footnote 11 of the majority opinion. Because this document was submitted to the Commission after the close of the record in this case, it is not clear that the employee was given any opportunity to review it or to object to its admission into evidence, or even if it was, in fact, so admitted. On this basis alone, I would affirm the order of the Court of Common Pleas.

I would not, however, reach the issue whether *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976) applies to a situation such as this, where both counsel in a matter before an administrative agency submit their cases on expert reports rather than calling live testimony.[1] Accordingly, I join in all portions of the majority opinion except that section which applies *Walker* to this case.

COLINS, President Judge, joins in this concurring opinion.

McGINLEY, J., joins in this concurring opinion.

court *en banc,* that our original opinion in this matter appeared to conflict with our previous decision in *Sammons,* the slightly modified reasoning we embrace here with respect to the competency of Employer's evidence is entirely consistent with *Sammons.*

1. Had the attorneys formally entered into a stipulation that one another's witnesses, if called, would testify in accordance with their reports (although not, of course, stipulating to the accuracy or truthfulness of that testimony) we would not deem these reports "hearsay." I see no reason why the procedure used here, where the attorneys simply appeared before the Commission, submitted their respective medical reports as their evidence, and made oral argument, is not tantamount to the same thing. (Indeed, Sweed's attorney specifically urged the Commission to review the City's medical reports, asserting that they supported his case.) However, for the reasons stated above, this is manifestly not the proper case in which to reach and consider this issue.