COURT OF APPEALS OF VIRGINIA


Present:  Judge Annunziata, Senior Judge Duff and
          Retired Judge Kulp*
Argued at Alexandria, Virginia


DONALD K. STOCKDALE, JR.
                                          OPINION BY
v.   Record No. 2428-99-4      JUDGE ROSEMARIE ANNUNZIATA
                                          AUGUST 8, 2000
PATRICIA M. STOCKDALE


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        David T. Stitt, Judge

              Michael A. Ward (James R. Cottrell; Gannon,
              Cottrell & Ward, P.C., on briefs), for
              appellant.

              Ilona Ely (Freedman) Grenadier (Dawn
              Titus-Rogan; Grenadier, Simpson & Duffett,
              P.C., on brief), for appellee.


     Donald Stockdale ("father") appeals from the decision of

the Circuit Court of Fairfax County allowing his former wife,

Patricia M. Stockdale ("mother"), to relocate to New Jersey with

the parties' minor children.  Father contends the trial court

erred by placing on father the burden of proving substantial

impairment to his relationship with the children if mother moved

them to New Jersey.  For the reasons which follow, we affirm the

decision of the trial court.

---

     * Retired Judge James E. Kulp took part in the consideration
of this case by designation, pursuant to Code § 17.1-400(C),
recodifying Code § 17-116.01.

## FACTS

"We review the evidence in the light most favorable to [mother], the party prevailing below and grant all reasonable inferences fairly deducible therefrom." Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). The parties were married on July 1, 1989, in New Vernon, New Jersey, and later moved to Virginia. Four children were born of the marriage between 1990 and 1995. The parties separated on March 20, 1998, and, thereafter, mother filed a bill of complaint seeking a fault-based divorce from father. In her bill of complaint, mother sought custody of the children, child and spousal support, equitable distribution of marital property, and other relief. The trial court entered a pendente lite order awarding mother, inter alia, custody of the children and child and spousal support. Father filed no answer or cross-bill.

On November 3, 1998, still pending a final decree in the matter, mother petitioned the court to permit her to move with the children to New Jersey. Father filed no response to mother's petition. On June 21 and 22, 1999, a hearing on custody of the children was held. At this time, father filed a brief opposing mother's petition for relocation. Although the purpose of the hearing was to decide which party was to have custody of the children, the proceedings focused primarily on the issue of relocation, because the parties stipulated at the

- 2 -

beginning of the hearing that mother's physical custody would not be challenged.

At the conclusion of the hearing, the court granted mother's petition for relocation and granted her sole legal and physical custody of the children.  In reaching its decision, the court was guided by the factors set forth in Code § 20-124.3[1] for

[1] Code § 20-124.3 enumerates the following factors to be weighed in assessing the best interests of children in custody and visitation disputes:

1.  The age and physical and mental condition of the child, giving due consideration to the child's changing developmental needs;

2.  The age and physical and mental condition of each parent;

3.  The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;

4.  The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;

5.  The role which each parent has played and will play in the future, in the upbringing and care of the child;

6.  The propensity of each parent to actively support the child's contact and relationship with the other parent, the relative willingness and demonstrated ability of each parent to maintain a

assessing the best interests of the children.  The court found

that the children's best interests dictated that mother be

permitted to remove them to New Jersey.

On July 2, 1999, father filed a petition for

reconsideration.  Father contended that, in the prior hearing,

the court had erroneously placed on him the burden of proving

that the children's relocation would not be in their best

interest.  The court heard oral argument on July 23, 1999, and

took the matter under advisement.  No new evidence was

introduced at the oral argument.  On August 20, 1999, the court

denied father's motion to modify the court's order allowing

mother to relocate with the children.  In its oral opinion, the

court stated that since the July 23, 1999 hearing it had "used

the time" to "get the legal framework straight" and that it was

---

            close and continuing relationship with
            the child, and the ability of each
            parent to cooperate in and resolve
            disputes regarding matters affecting the
            child;

7.   The reasonable preference of the child,
      if the court deems the child to be of
      reasonable intelligence, understanding,
      age and experience to express such a
      preference;

8.   Any history of family abuse as that term
      is defined in § 16.1-228; and

9.   Such other factors as the court deems
      necessary and proper to the
      determination.

"now satisfied . . . that the burden of proof [on the issue of relocation] is on the moving party.  It's on the [mother] to prove that the move to New Jersey would be in the best interests of the children."  The court further found that, "[h]aving determined that the burden is on the [mother] as the moving party to prove what's in the best interests of the children . . . the [mother] has carried that burden by a preponderance of the evidence, which is the standard."  The court further stated that it "was particularly influenced [in allowing mother to relocate with the children] by the factors in [Code §] 20-124.3" and that among these, the relationship between the children and each parent, the needs of the children, and the role each parent has played in the children's lives were particularly important in deciding the case.  Accordingly, the court again authorized mother to take the children to New Jersey.

The court also found that

> the husband has not proven by a preponderance of the evidence that the benefits of a beneficial relationship between himself and the children would be substantially impaired if the children were moved to New Jersey. . . . I can't say, given the testimony I have on this record, that the relationship would be substantially impaired. . . . [A]ccording to what I see in the case law, that's the standard . . . . That is his burden on that particular issue, and I find that he has not proven by a preponderance of the evidence that there would be substantial impairment.

It is this statement which forms the basis of father's claim of error.

An order embodying the trial court's ruling was entered on September 16, 1999. A final decree of divorce was entered on November 19, 1999, incorporating the September 16, 1999 order. This appeal followed.

## ANALYSIS

"A court may forbid a custodial parent from removing a child from the state without the court's permission, or it may permit the child to be removed from the state." Scinaldi v. Scinaldi, 2 Va. App. 571, 573, 347 S.E.2d 149, 150 (1986) (citations omitted). "[I]n a court's decision as to the propriety of relocating the children . . . 'the welfare of the children is of primary and paramount importance.'" Parish v. Spaulding, 26 Va. App. 566, 572, 496 S.E.2d 91, 94 (1998), aff'd, 257 Va. 357, 513 S.E.2d 391 (1999).

"In every judicial proceeding . . . the 'burden of proof' is allocated." City of Hopewell v. Tirpak, 28 Va. App. 100, 113, 502 S.E.2d 161, 167 (1998).

> The phrase "burden of proof" refers to two related but distinct concepts: (1) the "burden of production," which is the obligation to make a prima facie case, i.e., to introduce evidence sufficient as a matter of law to enable a rational fact finder to find that a particular proposition of fact is true and (2) the "burden of persuasion," which is the obligation to introduce evidence that actually persuades the fact

- 6 -

> finder, to the requisite degree of belief, that a particular proposition of fact is true.

Id. at 113-14, 502 S.E.2d at 167-68 (internal citations omitted).  The burdens of production and persuasion are generally allocated to the party seeking to disturb the status quo.  See id. at 114, 502 S.E.2d at 168.  "In accordance with our prior decisions, the moving party bears the burden of proof."  Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996).

In the present case, father contends the trial court erred by imposing upon him the burden of persuasion on a particular issue, viz. whether his relationship with his children would be "substantially impaired" by allowing mother to move them to New Jersey.  He argues that mother, as the moving party, had the burden to prove that the relocation would not substantially impair that relationship.  We agree.

As we stated in Bostick, "the moving party bears the burden of proof."  23 Va. App. at 535, 478 S.E.2d at 323.  The trial court generally agreed with this principle, stating, "I am . . . satisfied . . . that the burden of proof is on the moving party.  It's on the [mother] to prove that the move to New Jersey would be in the best interests of the children."  Mother, therefore, bore the "burden of proof," i.e. the burdens of production and persuasion.

However, as father points out, the court also stated that it found

> the [father] has not proven by a
> preponderance of the evidence that the
> benefits of a beneficial relationship
> between himself and the children would be
> substantially impaired if the children were
> moved to New Jersey. . . . According to what
> I see in the case law, that's the standard
> he has to [satisfy]. That is his burden on
> that particular issue, and I find that he
> has not proven by a preponderance of the
> evidence that there would be substantial
> impairment.

(Emphasis added). The trial court apparently derived from Scinaldi the view that father was required to prove by a preponderance of the evidence that a "substantial impairment" of his relationship with the children would result from their removal from Virginia. See 2 Va. App. at 575, 347 S.E.2d at 151. Scinaldi imposes no such burden. Indeed, the allocation of the burden of proof was not at issue in that case. Rather, Scinaldi turned upon multiple factors, chiefly the trial court's failure to address the best interests of the children and the insufficiency of the evidence on the issue. See id. at 574, 347 S.E.2d at 151. In this case, the trial court erroneously ruled that father was required to prove "by a preponderance of the evidence that there would be substantial impairment" to his relationship with the children.

We find the court's error harmless, however. "When it plainly appears from the record and the evidence given at trial

that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be . . . reversed . . . [f]or any . . . error committed on the trial." Code § 8.01-678; see Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) ("Code § 8.01-678 applies to both civil and criminal cases."). "The burden is on the party who alleges reversible error to show that reversal is justified." D'Agnese v. D'Agnese, 22 Va. App. 147, 153, 468 S.E.2d 140, 143 (1996).

> [W]here a burdened party has presented evidence [sufficient to establish a prima facie case], the burden of proof is no longer relevant and the fact finder must decide which party prevails based on the weight of the evidence. In such a situation, a misallocation of the burden of proof will be considered harmless error.

Erie Ins. Co./Erie Ins. Exchange v. Flood, 649 A.2d 736, 740 (Pa. Commw. Ct. 1994) (citations omitted); see Great Coastal Exp., Inc. v. Ellington, 230 Va. 142, 155, 334 S.E.2d 846, 855 (1985) (trial court error regarding burden of proof was harmless because fact finder necessarily found that plaintiff had carried its burden); J. B. King & Co. v. C. W. Hancock & Sons, 114 Va. 596, 606, 77 S.E. 510, 514 (1913) (even had trial court misallocated burden of proof, it would have been harmless because evidence left no doubt that plaintiff carried its burden of proof, there being no testimony in the case except its own and that of its witnesses).

The trial court found that mother met her burden of proving that removal of the children to New Jersey would serve their best interests. In particular, the court cited evidence of the quality of the schools in the community to which she planned to move; the generally good environment the community would provide; the nature of the relationship between the children and each parent, including the fact that mother was the primary caregiver for the children; the children's needs, given their young ages; the improvement of mother's ability to provide for the children financially that would result from the relocation; and the role each parent has played and would continue to play in the children's lives. The court found that, on balance, mother "carried [her] burden by a preponderance of the evidence, which is the standard. It's whatever's over 50 percent. And . . . I believe that she . . . prove[d] that" the relocation would serve the best interests of the children. "The decree of the [c]hancellor determining questions of fact on conflicting evidence <u>ore</u> <u>tenus</u> has the weight of a jury verdict, and will be permitted to stand unless plainly wrong or without evidence to support it." <u>Carpenter v. Carpenter</u>, 220 Va. 299, 302, 257 S.E.2d 845, 848 (1979). Thus, because mother established her <u>prima</u> <u>facie</u> case, the court's error in placing an affirmative burden of proof on father was harmless.

Moreover, father presented no evidence to controvert the mother's evidence that his relationship with the children would not be substantially impaired.  Indeed, father presented no evidence at all.  See Redford v. Booker, 166 Va. 561, 569-70, 185 S.E. 879, 883 (1936) (Once "[a] prima facie case is made out . . . the burden then rests upon the [opposing party] to produce evidence if [the prima facie case] is to be overcome.").  The court, therefore, had only mother's evidence upon which to rely in deciding the case, and that evidence clearly supported the court's decision.  Thus, it plainly appears from the record that the court's error of law occurred after mother had met her burden of production to establish a prima facie case.  "In such a situation, misallocation of the burden of proof will be considered harmless error."  Flood, 649 A.2d at 740.

For the reasons stated, we affirm the trial court's decision.

Affirmed.