COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


PAULINE F. WALI
                                        MEMORANDUM OPINION*
v.    Record No. 0090-02-4                  PER CURIAM
                                         AUGUST 13, 2002
ABDUL F. WALI


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Marcus D. Williams, Judge

            (T. James Binder, on brief), for appellant.

            No brief for appellee.


     Pauline F. Wali (wife) appeals the decision of the circuit

court granting Abdul F. Wali's (husband) motion for modification

of child support.  On appeal, wife contends that the trial court

erred by maintaining the court's previous finding that she was

voluntarily under-employed and imputing income to her on that

basis.  Upon reviewing the record and opening brief, we conclude

that this appeal is without merit.[1]  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to husband as the party

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] We deny husband's motion to dismiss.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

The parties were divorced by final decree.  The court granted wife custody of the parties' infant daughter and ordered husband to pay child support by a custody, visitation, and support order entered on July 14, 2000.  In that order, the court deviated from the presumptive guideline amount of child support, finding wife was voluntarily under-employed.  The court imputed to her monthly income of $4,134.

On September 14, 2001, husband filed a petition for modification of child support.  He argued changed circumstances warranted a reduction in the amount he was required to pay to wife.  Wife moved and enrolled their daughter into a different daycare, which cost less than the previous school.  Additionally, husband's health insurance premiums for daughter's coverage increased.

The trial court reduced husband's child support obligation to $549 monthly.  The court explained that it was continuing to deviate from the presumptive amount due to the imputation of income to wife.  In its order, the court noted "there has been no change in circumstances regarding the mother's voluntary [underemployment] since the last Order of this Court."

-

## Analysis

Mother argues the trial court erred by relying on the finding in the earlier order that she was voluntarily under-employed.

"The burdens of production and persuasion are generally allocated to the party seeking to disturb the status quo." Stockdale v. Stockdale, 33 Va. App. 179, 184, 532 S.E.2d 332, 335 (2000). Wife sought to alter the court's finding that she was voluntarily under-employed. However, she failed to demonstrate a change in circumstances warranting an alteration of the previous order. "'In the absence of a material change in circumstance, reconsideration . . . would be barred by principles of res judicata.'" Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996) (citation omitted). Credible evidence supports the trial court's decision that no material change in circumstances warranted a change in the imputation of income to wife.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-