COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Decker and AtLee
Argued at Richmond, Virginia

COURTNEY R. HERBERT

v.        Record No. 1384-17-4

GUY R. JOUBERT

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
AUGUST 14, 2018

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge[1]

Scott A. Surovell (Tanisha M. Harris; Mark A. Barondess; Surovell
Isaacs & Levy PLC; Funk & Bolton, PA, on briefs), for appellant.

Lawrence D. Diehl (Barnes & Diehl, P.C., on brief), for appellee.


Courtney R. Herbert (the wife) appeals a final order resolving equitable distribution issues in

the course of her divorce from Guy R. Joubert (the husband).  She contends that the circuit court

erroneously determined how much of the increase in value of the husband's interest in a particular

business was marital property.  She argues that the court misapplied the burden of proof and that the

evidence and the court's findings fail to support its determination that only a portion of the increase

was marital property.  For the reasons that follow, we affirm the circuit court's decision.

Additionally, we deny the parties' respective requests for attorney's fees and costs incurred on

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Bellows issued the final order in this case.  Judge *Pro Tempore* Stanley P. Klein
ruled on the equitable distribution issues that are the subject of this appeal.  See Code § 17.1-110
(vesting the judge *pro tempore* with the "same power and authority" as the circuit court).

# I. BACKGROUND[2]

The parties were married in 2007. Prior to the marriage, the husband co-founded a company called Resonant Legal Media (RLM), which created "visual design[s] and trial technology for use in litigation." The parties separated in 2015 and sought a divorce and equitable distribution. They agreed to a valuation date for RLM of December 31, 2015, at which time the husband owned 30% of the company. It was undisputed that the husband's share of RLM was his separate property when the parties married. It was also undisputed that the husband made significant contributions of personal efforts to RLM during the course of the marriage and that his interest in the property substantially appreciated in value. However, the parties disputed the extent to which the husband's personal effort caused the value to increase and, accordingly, how much of the increase in the value of RLM should be classified as marital property.

## A. Key Testimony of Expert Witness Harold Martin

The husband hired Harold Martin, a certified public accountant, to determine the increase in value of the husband's interest in RLM due to the personal efforts of the husband and wife. Martin testified that in order to calculate this figure, he "used . . . a residual approach." Martin "start[ed] with 100[%] appreciation" and "then looked at" two components: (1) market forces and (2) the efforts of third parties. He explained that "whatever is leftover [sic] after allocating to those two components would be attributable to" the personal efforts of the husband and wife.[3]

---

[2] The record was sealed by the circuit court pursuant to Code § 20-124. Nevertheless, the appeal necessitates unsealing relevant portions of the record for purposes of resolving the issues raised by the wife. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1, 805 S.E.2d 775, 777 n.1 (2017).

[3] The wife does not dispute the circuit court's finding that the evidence did not prove that she engaged in any significant personal efforts that contributed to the increase in value.

Martin provided detailed testimony about the market forces he considered, including the volume of patent litigation, the primary field to which RLM provided services. Based upon those considerations, he opined that market forces accounted for 48% of the total appreciation in value of the company between 2008 and 2014. The judge sustained an objection to the calculations as speculative.

Martin performed a second set of calculations that were based solely on the personal efforts of RLM's principals and did not include any impact from market forces. As to these personal efforts, Martin elaborated that he examined two major factors, control and management contributions.

Regarding the factor of control, he considered the various ownership percentages. Undisputed evidence established that the husband owned a 30% interest in the company and that his three partners owned the remaining 70% interest. Regarding the factor of management contributions, Martin looked to the various owners' supervisory responsibilities and their recruitment of new employees. He also considered the owners' contributions to the direct generation of revenue.

The evidence showed that the husband shared supervisory duties in roughly equal proportions with two of the other three owners. According to Martin, all of RLM's principals helped grow the company by "recruiting key professional staff." Additionally, the husband and his partners all originally contributed to the growth in value of the company through their direct marketing efforts. In later years, however, the husband's role shifted to managing the company's financial department and overseeing operational matters.

Martin further testified regarding the husband's generation of revenue for RLM and its impact on the company's increase in value. He calculated that the husband's partners held ownership interest of 70% and generated 77% of the company revenue, averaging those figures

to conclude that 73.5% of the increase in value of the husband's interest was due to the efforts of third parties and the remaining 26.5% was attributable to the husband's personal efforts.

Martin also performed a third set of calculations, in which he considered market forces, the personal efforts of others, and the husband's personal efforts. He concluded that the husband's personal efforts accounted for 14% of the increase.

### B. The Circuit Court's Ruling

In a letter opinion dated March 30, 2017, the judge found, "[a]fter full consideration of all the evidence presented at trial," that the increase in value of the husband's separate property interest in RLM between the date of marriage and the date of the evidentiary hearing was $2,212,730. He noted Martin's opinion that 48% of the increase in value of the husband's interest during the marriage resulted from passive factors, including market forces and patent litigation. However, the judge rejected that opinion and found that the husband's evidence as a whole was insufficient to establish the extent to which market forces and other passive factors contributed to the increase in value of his share of the company. Accordingly, the judge held that the husband failed to meet his burden on the subject of market forces and other passive factors, and he refused to reduce the presumption that 100% of the increase was marital based on those factors. At the same time, the judge found that Martin's conclusion that the husband's personal efforts "contributed to only 14% of the increase" was "materially understated."

The judge next considered the evidence regarding the impact of active factors—the personal efforts of the husband and others. He found that Anthony Canzanella, a co-owner of RLM, "was attempting to help [the husband] . . . during his testimony at trial." Nevertheless, the judge did not reject Canzanella's testimony in its entirety, specifically finding that he did not slant his testimony "nearly to the extent implied by [the wife's] counsel during his cross-examination." The judge further found the husband's testimony "generally credible" in the

portion of the hearing involving his own contributions toward the increase in value of RLM. He noted, however, that the husband "did not differentiate between the extent of his contribution to RLM in comparison to the contribution[s] of others."

The judge then evaluated the testimony of expert witness Martin on the subject of the husband's personal efforts. He noted that Martin "relie[d] principally on the direct generation of revenue figures" provided by the husband. The judge also pointed out that the husband, who had previously been the company's "primary rainmaker," took on a more managerial role in 2011 and his direct revenue production declined as a result. He rejected Martin's theory that this change in duties and the associated reduction in direct revenue generation negatively impacted the amount of the increase in value that was attributable to the husband's efforts. The judge reasoned that the principals of RLM obviously "agreed that the company would be better served by [the husband's] taking on more managerial and [fewer] revenue producing responsibilities." He further noted that the husband served as managing partner during a time when RLM's workforce doubled and it "became the largest company in its industry." Additionally, the judge disagreed with Martin's position that the husband's personal efforts had "no effect on the appreciation of the non-operating assets of RLM."

The judge concluded his assessment of Martin's testimony by again rejecting Martin's opinion regarding the impact of *market forces* on the increase in value of the company during the relevant period. However, he expressly distinguished Martin's opinion regarding the husband's *personal efforts*, making clear that he did not reject Martin's testimony on that subject.[4]

Finally, the judge analyzed the evidence in conjunction with the relevant case law in an effort to correctly determine the impact of the evidence on the calculation of the percentage of

---

[4] The judge wrote that Martin's analysis was "insufficient[]. . . to provide adequate support for his opinion on the effect of forces *other than [the husband's] personal efforts* on the increase in value of RLM during that period." (Emphasis added).

the marital share. He noted that four managers controlled RLM and that the husband's "proportionate" share of the business was 30%. The judge ruled that the husband's proportionate ownership share should govern the classification issue and, accordingly, "that 30% of the husband's share of the increase in value of the company" was marital property. Based on the evidence, he calculated the total "increase in value" as $2,212,730.[5] Although the judge specifically stated his ruling that only 30% of that sum was the marital share of the increase, he inserted the full figure of $2,212,730 in a chart in the letter opinion listing the "marital assets" that each party had in his or her possession for purposes of effecting the equitable distribution, indicating that it represented the "RLM Value Increase" that was marital property.

### C. Motions for Clarification and Reconsideration

The husband filed a motion for clarification due to clerical error, indicating that the circuit court erred in listing the full $2,212,730 as marital property rather than 30% of that sum. At the hearing on that motion, the judge agreed that he had made a mathematical error in the chart of marital assets. Consequently, he issued an amended letter opinion calculating that 30% of the increase was $663,819.

The wife filed a motion for reconsideration, arguing that the husband failed to meet his burden of proving what percentage of the increase in value of his share of RLM resulted from personal efforts during the marriage and what portion did not. She contended that the court erred in using the husband's 30% ownership interest as a "proxy" for such evidence instead of weighing "all of the variables that play[ed] a role in apportioning the increase in value between marital effort and other factors." The wife suggested to the court that it found that the record did

---

[5] On appeal, the parties do not contest the stipulated values of the husband's interest on the date of the marriage and the date of the evidentiary hearing.

- 6 -

not contain credible evidence concerning these variables and that, in the absence of such evidence, the court should have held that the entire increase in value was marital property.

At the hearing on the motion for reconsideration, the judge clarified his rationale for ruling that 30% of the increase in value of the husband's interest in RLM was marital. While acknowledging the wife's argument, the judge made clear that he did not use a formula and, instead, "consider[ed] everything . . . in evidence," in particular the husband's role as "managing partner." Following entry of an order denying the motion for reconsideration, the wife noted this appeal.

## II. ANALYSIS

The wife raises five assignments of error. The first alleges that the circuit court improperly "value[d] and equitably distribute[d] the marital asset of [the husband's] interest in RLM." The remaining four assignments of error allege more specific ways in which she argues that the circuit court's related findings and distribution were legally and factually erroneous. The husband suggests that these final four assignments of error are critically flawed and urges this Court to dismiss them.

### A.  Scope of the Appeal

The husband asserts that assignments of error two through five challenge a ruling that the circuit court did not make. All four depend, in part, on the wife's claim that the court rejected the entirety of the husband's evidence as "unpersuasive" and held that he did not meet his statutory burden of proof. These assignments of error suggest that, as a result of these alleged conclusions, the record fails to support the court's ultimate ruling that the marital share of the increase in value of the husband's interest in RLM was less than 100%.

In support of dismissal, the husband relies on Rule 5A:12(c)(1), which applies to petitions for appeal. The rule provides, in pertinent part, that an "assignment of error which does not address the findings or rulings in the [lower] court . . . is not sufficient" and that "[i]f the assignments of

error are insufficient, the petition shall be dismissed." The husband acknowledges that Rule 5A:12 does not apply to civil appeals of right, but he relies upon the recent decision of this Court in Geouge v. Traylor, 68 Va. App. 343, 808 S.E.2d 541 (2017). In Geouge, the Court stated that litigants "in appeals of right would be well-served by observing [the] requirements [of Rule 5A:12(c)] in drafting assignments of error." Id. at 373 n.12, 808 S.E.2d at 555 n.12. On that basis, it declined to consider a claim of "error to a ruling that the circuit court did not make." Id. at 373, 808 S.E.2d at 555.

We wholeheartedly agree with the observation in Geouge that civil litigants should adhere to the requirements of Rule 5A:12(c) in formulating their assignments of error. It is only logical that this Court will not consider an assignment of error to a ruling when no such ruling was made. See Culpeper Reg'l Hosp. v. Jones, 64 Va. App. 207, 212 n.2, 767 S.E.2d 236, 239 n.2 (2015). As discussed later in this opinion, the circuit court did not reject all of the husband's evidence or rule that the husband did not meet his statutory burden of proof. Consequently, to the extent that the wife's claims of error rely upon hypothetical rulings that the court simply did not make, we decline to consider them. However, we address the remaining portions of the wife's challenges in assignments of error two through five that necessarily relate to assignment of error one and are subsumed in it. Accordingly, we deny the husband's motion to dismiss, and we proceed to examine only the wife's challenge to the rulings that the circuit court actually made.

## B. Marital Share of RLM

The wife alleges that the circuit court erroneously determined the marital portion of the husband's interest in RLM. She notes that she met her burden of production under the equitable distribution statute, entitling her to the presumption that 100% of the increase in value of the husband's share of the company during the marriage was marital. She maintains that because the burden shifted to the husband, he was required to prove that some specific lesser percentage of the

- 8 -

increase was marital. According to the wife, the circuit court misapplied the burden of proof and erroneously concluded that the husband met that burden.

*1. Standard of Review*

A decision involving equitable distribution may be overturned only upon a showing that the circuit court abused its discretion. Owens v. Owens, 41 Va. App. 844, 853, 589 S.E.2d 488, 493 (2003). In reviewing the court's equitable distribution ruling, this Court views the evidence "in the light most favorable to the prevailing party, granting [that party] the benefit of any reasonable inferences." Hamad v. Hamad, 61 Va. App. 593, 596, 739 S.E.2d 232, 234 (2013) (quoting White v. White, 56 Va. App. 214, 216, 692 S.E.2d 289, 290 (2010)). To the extent that the appeal requires an examination of the proper interpretation and application of Code § 20-107.3 (the equitable distribution statute) and the shifting burdens of production and persuasion, it involves issues of law, which the Court reviews *de novo* on appeal. See David v. David, 287 Va. 231, 237, 754 S.E.2d 285, 289 (2014); see also Owens, 41 Va. App. at 853, 589 S.E.2d at 493 (explaining that making an erroneous legal ruling is an abuse of discretion). However, whether the evidence satisfies those burdens and supports the circuit court's findings are questions of fact, and we defer to the circuit court's findings of fact unless plainly wrong or without evidence to support them. See Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 837 (2003).

The classification and valuation of an asset for purposes of equitable distribution, including any relevant portion of that asset, are "issue[s] of fact, not law." See Howell v. Howell, 31 Va. App. 332, 340, 523 S.E.2d 514, 518 (2000) (valuation); see also Ranney v. Ranney, 45 Va. App. 17, 31, 608 S.E.2d 485, 492 (2005) (classification). Additionally, "[i]t is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to [his or her] testimony, and has [the] discretion to accept or reject any of the witness'

testimony." Layman v. Layman, 62 Va. App. 134, 137, 742 S.E.2d 890, 891 (2013) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*)). We do not disturb the circuit court judge's "factual findings . . . on appeal unless no 'rational trier of fact' could have come to the conclusions he did." Boyd v. Cty. of Henrico, 42 Va. App. 495, 525, 592 S.E.2d 768, 783 (2004) (*en banc*) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).

It is in the context of these principles that we examine the statutory scheme and address the circuit court's rulings.

### 2. *The Statute and Burden-of-Proof Principles*

Code § 20-107.3(A) requires a circuit court effecting an equitable distribution to "determine . . . the ownership and value of all property" and to "consider which of such property is separate property, which is marital property, and which is part separate and part marital."

"The [circuit] court's valuation cannot be based on mere guesswork." Hoebelheinrich v. Hoebelheinrich, 43 Va. App. 543, 557, 600 S.E.2d 152, 158 (2004) (quoting Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989)). However, "it is well established that a circuit 'court has discretion to resolve conflicting expert testimony to determine an asset's value.'" Patel v. Patel, 61 Va. App. 714, 723, 740 S.E.2d 35, 40 (2013) (quoting Howell, 31 Va. App. at 341, 523 S.E.2d at 519). Additionally, a court "may . . . choose among conflicting assessments of value," whether based upon expert testimony or other evidence, "as long as its finding is supported by the [record]." McDavid v. McDavid, 19 Va. App. 406, 413-16, 451 S.E.2d 713, 718-19 (1994); see Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 268 (1989).

Pursuant to Code § 20-107.3(A)(3)(a), an increase in the value of separate property during the marriage is classified as marital property if the increase is brought about by the personal efforts of either spouse and certain additional conditions, uncontested here, are met.

"Personal efforts," in order to qualify, "must be significant and result in substantial appreciation of the separate property." Code § 20-107.3(A)(3)(a). The non-owning spouse must first prove that (i) one or both of the spouses contributed personal effort to the separate property during the marriage and (ii) the separate property increased in value. David, 287 Va. at 239, 754 S.E.2d at 290. Upon meeting this burden, the non-owning spouse is entitled to a presumption that the personal effort *caused* the full increase in value. Id. The burden then shifts to the owning spouse to prove that other factors caused the increase. Id.; see also Stockdale v. Stockdale, 33 Va. App. 179, 184, 532 S.E.2d 332, 335 (2000) (discussing the burdens of production and persuasion).

The owning spouse may prove that other factors caused some or all of the increase. See, e.g., Rowe v. Rowe, 24 Va. App. 123, 134, 480 S.E.2d 760, 765 (1997). If the owning spouse produces no evidence or if his evidence is rejected by the circuit court, the non-owning spouse is entitled to have the entire increase classified as marital based on the statutory presumption. See David, 287 Va. at 239, 754 S.E.2d at 290. However, if the owning spouse produces evidence that is accepted by the circuit court and establishes that some defined portion of the increase resulted from passive factors or from the efforts of third parties, the owning spouse is entitled to have the percentage of the increase classified as marital adjusted downward accordingly. See Rowe, 24 Va. App. at 134, 480 S.E.2d at 765.

*3. Application of the Statute and the Findings in this Case*

It is undisputed that the wife met her burden of proving that the husband made significant contributions of personal effort to RLM during the course of the parties' marriage and that his interest in the property substantially appreciated in value. See Code § 20-107.3(A)(3)(a). The circuit court so found, and the husband does not dispute this conclusion on appeal. Accordingly, the wife met her burden and was entitled to the rebuttable presumption that the full amount of the increase in value of the marital share resulted from the personal efforts of the husband, the

owning spouse. See David, 287 Va. at 239, 754 S.E.2d at 290. At that point, the burden shifted to the husband to produce evidence proving to the satisfaction of the circuit court as fact finder that some lesser percentage of the increase in value resulted from his personal efforts.[6] See id.

The wife contends that the circuit court expressly (a) found that the husband failed to meet his burden and (b) rejected all of his evidence on the subject. She argues that, as a result, the court, in its original letter opinion, properly listed 100% of the increase in value of the husband's share of RLM during the marriage as marital property. She further contends that when the husband filed a motion for clarification, the court, which she maintains had rejected all of the husband's evidence, erred by arbitrarily basing the percentage of the increase in value attributable to his personal efforts on his 30% ownership share. The wife suggests that by doing so, the court improperly relieved the husband of his burden of proof. A review of the record, however, reflects that the wife's claims are based on her misinterpretations of what transpired below. Contrary to her suggestions, the record, viewed under the proper standard, reflects that the circuit court resolved the factual disputes challenged on appeal either explicitly or implicitly in favor of the husband, and the evidence supports the court's rulings.

First, the record does not establish that the court ruled in its initial letter opinion that 100% of the increase in the value of the husband's share of RLM was marital property. The court, in both its first and second letter opinions, expressly ruled that the *total* "increase in value" of the husband's interest was $2,212,730 and that 30% of this sum was the *marital share* of the increase. In the first letter opinion, where the court listed the dollar amount of that share with the other marital assets to be included in the equitable distribution, it inserted the full amount of the

---

[6] Subsection II.A.2 of the wife's opening brief asserts that she "*conclusively* proved that RLM's increase in value was marital property." (Emphasis added). However, in her argument, she asserts only that she met her burden "to show significant marital effort and an increase in value." Meeting that burden entitled her to the benefit of the presumption in the statute; it did not amount to *conclusive* proof.

husband's interest of $2,212,730 without calculating the 30% marital share. When the husband filed a motion for clarification, the judge expressly acknowledged his error, explaining that when he transferred the number to the list of marital assets, he failed to perform the additional calculation necessary to determine 30% of the $2.2 million figure that represented the marital share. The judge's amended letter opinion properly reflects the figure of $663,819 that he expressly stated he had intended to include.

Additionally, the record does not reflect a finding by the circuit court that the husband wholly failed to meet his burden of proving that some amount less than 100% of the increase in value of his interest in RLM was marital property. It does quite the contrary.

It is true that the court was critical of certain aspects of the husband's evidence. It found that his lay and expert witness testimony was not sufficient to establish that passive factors contributed to the increase in value. The court determined that market forces could have contributed to RLM's increase in value but that "to determine whether, and if so, a reasonable estimate of the extent of such an effect" would require "pure speculation." Consequently, the judge recognized that Code § 20-107.3(A)(3)(a) and the holding in David placed the burden of proof on that issue on the husband, and he specifically found that the husband failed to meet that burden with regard to *market forces*.[7]

However, despite that ruling, the record also reflects that the court did not reject Martin's evidence regarding the impact of the *personal efforts* of RLM's other principals on the increase in the company's value, which was a proper consideration under the law. See Rowe, 24 Va. App. at 134, 480 S.E.2d at 765. Even after rejecting the portions of Martin's testimony that were based in part on his calculations regarding market forces, the court still had before it

---

[7] Based on the court's rejection of Martin's evidence regarding the impact of market forces, it concluded that Martin's opinion that the husband's personal efforts accounted for only 14% of the increase in value of the husband's interest was "materially understated."

Martin's opinion concerning the *independent* impact of the *personal efforts* of the husband and his partners on the increase in value. Cf. Patel, 61 Va. App. at 721-22 & n.5, 740 S.E.2d at 39 & n.5 (holding the wife's claim "that the circuit court 'rejected'" certain expert testimony was incorrect where the record showed the court "clearly accepted" part of it). Martin opined that 73.5% of the increase in value was attributable to the personal efforts of the partners and the remaining 26.5% was attributable to the husband's personal efforts. In finding that the husband's personal efforts were responsible for 30% of the company's growth, the circuit court noted that Martin's testimony, which included his slightly lower calculation of 26.5%, supported its own finding.

In the amended letter opinion, the judge expressly explained that he considered "all of the evidence" and based the valuation on that evidence, including portions of the testimony and reports of Martin. Additionally, at the hearing on the motion for reconsideration, the judge again emphasized that he considered all of the evidence and that his decision was not simply a "formulaic approach." He also stated that he took into account not only the husband's percentage ownership interest in RLM but also his managerial role with the company. The record reflects that the judge examined all of the evidence, determined what he believed and what he did not believe, and made his rulings based on the evidence he accepted. Contrary to the wife's assertion, the judge never ruled that the husband failed to meet his burden of proof.

Further, in choosing a contribution percentage based on personal efforts that was higher than Martin's asserted value of 26.5%, lower than the maximum of 100%, and equal to the husband's percentage ownership interest in the company, the court did not abuse its discretion. See Zipf, 8 Va. App. at 395, 382 S.E.2d at 268 (recognizing that a judge valuing marital assets may select a value within a range of conflicting opinions and affirming the judge's choice of "a figure somewhere between the ceiling price" and "the lowest estimate provided"). Martin

- 14 -

himself considered the husband's ownership interest percentage but opined that it should be discounted based on the husband's average revenue generation percentage of 23%. Additional evidence, however, reflected that the husband contributed to the company's revenue by generating 63% of its direct sales in RLM's earlier years. Moreover, even though the husband's direct contribution to revenue generation decreased to 7% in later years, the court specifically found that the husband's indirect contributions as managing partner contributed to the company's appreciation, thereby supporting its decision to reject Martin's discounting of the 30% figure.

The circuit court's amended letter opinion recognizes that the court's decision regarding the "classification of the marital versus separate components of the increase in value of RLM" during the marriage was informed by Rowe, 24 Va. App. 123, 480 S.E.2d 760, and Decker v. Decker, 17 Va. App. 12, 435 S.E.2d 407 (1993). Relying on David, 287 Va. 231, 754 S.E.2d 285, the wife claims that the court erroneously held that "Rowe and Decker precluded it from [classifying as] marital property the full increase [in] the value of [the husband's] ownership share." We disagree with this interpretation.

In David, the Supreme Court merely clarified that the owning spouse bears the ultimate burden of proof regarding the proper classification of the increase in value of separate property during a marriage. 287 Va. at 239-41, 754 S.E.2d at 290-91. In deciding David, the Supreme Court held that the Court of Appeals incorrectly applied the burden of proof in that case and others. See id. at 239-40, 754 S.E.2d at 290-91. The Court also "overrule[d] those portions of any [Court of Appeals] decisions" interpreting the statute in an inconsistent manner. Id. at 241, 754 S.E.2d at 291. However, in deciding David, the Supreme Court did not mention Decker or Rowe. Additionally, it did not purport to address the *type* or *amount* of evidence that a circuit court might accept as adequate to satisfy the owning spouse's burden of proof.

Consequently, the circuit court's consideration of the categories of evidence relied upon by the courts in Decker and Rowe was entirely consistent with David and was not error. Both cases were decided under the current version of Code § 20-107.3(A)(3)(a), which places on the owning spouse the burden of proving the causation of the increase in value of separate property during the marriage. See Rowe, 24 Va. App. at 133-34, 480 S.E.2d at 764-65; Decker, 17 Va. App. at 17-18, 435 S.E.2d at 411-12.

The wife also contends that the judge misapplied Decker and Rowe by using those cases to support a formulaic approach to determining how the value of RLM increased due to the personal effort of the husband. The record refutes this contention. The judge explained his use of these cases as a starting point for his consideration of the classification and valuation of the property. See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977) (holding that a reviewing court "will not fix upon isolated statements of the trial judge taken out of the full context in which they were made[] and use them as a predicate for holding the law has been misapplied"). Further, while discussing case law, the judge specifically stated that he "did not use a formulaic approach" to classify the asset. He "consider[ed] everything that was in evidence," which included the husband's contributions to both direct revenue generation and management, factors also considered in Decker, 17 Va. App. at 17-18, 435 S.E.2d at 411-12.

The circuit court applied the law correctly, and its factual findings are supported by the record. For these reasons, we hold that the court did not err in determining what portion of the increase in value of the husband's share of RLM was marital property.

## C. Attorneys' Fees and Costs on Appeal

Each party seeks an award of attorney's fees on appeal. The husband also requests an award of costs incurred on appeal.

Pursuant to Rule 5A:30, in specified cases in which attorney's fees are recoverable under Title 20 of the Code of Virginia, the Court of Appeals may award some or all of the fees requested or "remand the issue to the circuit court . . . for a determination thereof." Rule 5A:30(b)(1), (2). Whether to award fees is discretionary. See id. In determining whether to make such an award, the Court may consider factors including whether the requesting party has prevailed, whether the appeal was "fairly debatable" or frivolous, and whether other reasons exist to support an award of attorney's fees and costs. See Rule 5A:30(b)(3), (4); Brandau v. Brandau, 52 Va. App. 632, 642, 666 S.E.2d 532, 538 (2008); O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In addition, Rule 5A:30(b)(3) specifically directs this Court to "consider all the equities of the case."

Considering all the factors set out in Rule 5A:30 and the applicable case law, we see no reason that either the husband or the wife should be required to pay the other party's attorney's fees and costs in this case. Accordingly, in the exercise of our discretion, we decline to make an award of attorney's fees and costs to either party.[8] See, e.g., Wright v. Wright, 61 Va. App. 432, 470, 737 S.E.2d 519, 537-38 (2013).

## III. CONCLUSION

Under the assignments of error properly before the Court, we hold that that the record, viewed under the proper standard, supports the circuit court's ruling regarding the calculation of the marital share of the increase in value of the husband's interest in RLM. Consequently, we affirm

---

[8] In addition, the wife seeks "remand for an award of attorney's fees relating to [her] efforts to oppose the Motion to Reconsider" in the circuit court. She does not assign error to the circuit court's refusal to award such fees below. See Culpeper Reg'l Hosp., 64 Va. App. at 212 n.2, 767 S.E.2d at 239 n.2 (holding that an argument not encompassed by any assignment of error is "barred"). Moreover, our authority to award attorney's fees extends only to those fees "incurred in the appeal of the case." Rule 5A:30(b). Although we may calculate those fees ourselves or remand to the circuit court for any necessary findings, we are not authorized to take either action for activity that occurred prior to appeal. See id.

the challenged equitable distribution award. Additionally, we deny the parties' requests for attorneys' fees and costs in this appeal.

<u>Affirmed.</u>